IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:14cr23-MHT |
| PHILLIP EDWARD BURGIN, | ) | (WO) |
| WILLIAM THOMAS CRANE, II, | ) | |
| JONATHAN WADE MILLER, and | ) | |
| WILLIAM THOMAS CRANE | ) | |

OPINION AND ORDER

This cause is before the court on defendant William Thomas Crane's unopposed motion to continue.  Based on the representations made in open court on October 15, 2014, and for the reasons set forth below, the court finds that jury selection and trial, now set for November 17, 2014, should be continued as to Crane and co-defendants Phillip Edward Burgin, William Thomas Crane, II, and Jonathan Wade Miller pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the

court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."   § 3161(h)(7)(A).   In granting such a continuance, the court shall consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation,

taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The Act also excludes from the 70-day period any "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant." § 3161(h)(1)(A). Additionally, the Act excludes from the 70-day period "A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." § 3161(h)(6).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and that of Crane, Burgin, Crane, II, and Miller in a speedy trial. At this time, Crane's competency to stand trial remains unresolved. The court awaits the filing of the report from Crane's court-ordered competency evaluation ordered pursuant to 18 U.S.C. §§ 4241, 4242, and 4247(b), (c), and the

3

court must then hold a hearing to determine Crane's competency pursuant to 18 U.S.C. § 4241(c).

\*\*\*

Accordingly, it is ORDERED as follows:

(1) Defendant William Thomas Crane's motion for continuance (doc. no. 160) is granted.

(2) The jury selection and trial, now set for November 17, 2014, are continued as to defendants William Thomas Crane, Phillip Edward Burgin, William Thomas Crane, II, and Jonathan Wade Miller to January 12, 2015, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 16th day of October, 2014.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**